United States District Court
Northern District of New York

_____

Anthony J. Broadwater,

                          Plaintiff,                      Case No. 5:22-cv-01241-BKS-TWD

      V                                            Answer

County of Onondaga et al.,                 Demand for Jury Trial

                        Defendants.

_____

    County of Onondaga (County) and Gail Uebelhoer (Uebelhoer), as an answer to the complaint of Anthony J. Broadwater (Broadwater), allege:

    1. County and Uebelhoer deny the allegations of paragraphs numbered 1, 3, 4, 5, 6, 7, 8, 9, 10, 43, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 65, 66, 67, 68, 69, 72, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 107, 108, 109, 110, 111, 112, 114, 115, 116, 117, 118, 121, 122, 123, 124, and 125 of the complaint.

    2. County and Uebelhoer lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 30, 31, 32, 34, 42, 45, 56, 57, 58, 59, 71, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, and 113 of the complaint.

    3. County and Uebelhoer deny the allegations of paragraph numbered 11 of the complaint that the Supreme Court of the State of New York (Sup. Ct. NY) dismissed the indictment, that the indictment has been dismissed, and that the identification was tainted and improperly procured.

    4. County and Uebelhoer deny the allegations of paragraph numbered 12 of the complaint that William J. Fitzpatrick (Fitzpatrick) joined Broadwater's motion to dismiss the indictment, that the indictment has been dismissed, that Broadwater's conviction was unjust and readily apparent as unjust, and that Fitzpatrick apologized to Broadwater.

5. County and Uebelhoer deny the allegations of paragraph numbered 13 of the complaint that there was malicious prosecution, wrongful conviction, and false imprisonment of Broadwater, and that there was violation of Broadwater's federal constitutional rights.

6. County and Uebelhoer deny the allegations of paragraph numbered 15 of the complaint that Broadwater's claims arise and that Broadwater was deprived of rights guaranteed by the US Constitution.

7. County and Uebelhoer deny the allegations of paragraph numbered 19 of the complaint that Broadwater's claims arose.

8. County and Uebelhoer deny the allegations of paragraph numbered 24 of the complaint that Lorenz is named in his individual capacity.

9. County and Uebelhoer deny the allegations of paragraph numbered 25 of the complaint that Uebelhoer is named in her individual capacity.

10. County and Uebelhoer deny the allegations of paragraph numbered 29 of the complaint that Victim 1 mistakenly believed that Broadwater was the man who had raped her.

11. County and Uebelhoer deny the allegations of paragraph numbered 37 of the complaint that the requested filler did not match Victim 1's description.

12. County and Uebelhoer deny the allegations of paragraph numbered 38 of the complaint that Uebelhoer believed that person number five did not look like Broadwater.

13. County and Uebelhoer deny the allegations of paragraph numbered 40 of the complaint that Victim 1 appeared sure of her choice and that Victim 1 showed no doubt or concern nor any belief that the selection was tentative or laced with uncertainty.

14. County and Uebelhoer deny the allegations of paragraph numbered 44 of the complaint that Uebelhoer entered the room angry. County and Uebelhoer lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph numbered 44 of the complaint.

15. County and Uebelhoer deny the allegations of paragraph numbered 63 of the complaint that improper conversation took place after the line-up. County and Uebelhoer lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph numbered 63 of the complaint.

16. County and Uebelhoer deny the allegations of paragraph numbered 70 of the complaint that the in-court identification was improperly procured.

17. County and Uebelhoer deny the allegations of paragraph numbered 86 of the complaint that there was improper procurement of Victim 1's in-court identification of Broadwater, misconduct of George Lorenz (Lorenz) and Uebelhoer during Broadwater's line-up identification procedure, and faulty scientific testimony of Stephen Kaszubinski (Kaszubinski), and that Victim 1's in-court identification of Broadwater resulted from misconduct of Lorenz and Uebelhoer and faulty scientific testimony of Kaszubinski.

18. County and Uebelhoer deny the allegations of paragraph numbered 90 of the complaint that the Honorable Gordon J. Cuffy (Hon. Cuffy) dismissed the indictment, that the indictment has been dismissed, that there was tainted in-court identification, that there was debunked hair analysis evidence, that there was flawed evidence, and that pieces of flawed evidence were the primary foundation of Broadwater's conviction.

First Defense

19. County is a public corporation and political subdivision of the state.

20. Uebelhoer was employed by County in an official capacity of assistant district attorney.

21. Uebelhoer had as her public employment and duty the conducting of prosecutions for crimes and offenses.

22. County has a statutory obligation to indemnify Uebelhoer for her acts or omissions in her official capacity within the scope of her public employment and duty.

23. Any act or omission of Uebelhoer was in her official capacity and within the scope of her public employment and duty.

24. Uebelhoer, in her official capacity and within the scope of her public employment and duty, has not legal identity separate and apart from County.

25. Any claim against Uebelhoer is redundant of a claim against County.

26. Any claim against Uebelhoer may not be prosecuted or maintained because it is redundant of a claim against County.

## Second Defense

27. Any act or omission of County or Uebelhoer was a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

28. County or Uebelhoer has qualified immunity from any claim arising out of a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

29. Any claim against County or Uebelhoer arises out of a reasonable, in good faith and discretionary act or omission in the performance of a governmental function.

30. Any claim against County or Uebelhoer may not be prosecuted or maintained because of governmental immunity.

Third Defense

31. Any act or omission of Uebelhoer was an act or omission in furtherance of and intimately associated with the judicial phase of a criminal prosecution.

32. Uebelhoer has absolute prosecutorial immunity from any claim arising out of an act or omission in furtherance of and intimately associated with the judicial phase of a criminal prosecution.

33. Any claim against Uebelhoer arises out of an act or omission in furtherance of and intimately associated with the judicial phase of a criminal prosecution.

34. Any claim against Uebelhoer may not be prosecuted or maintained because of absolute prosecutorial immunity.

Fourth Defense

35. The criminal prosecution of Broadwater was initiated or continued with probable cause to believe that Broadwater is guilty of the crimes and offenses for which Broadwater was prosecuted.

36. The criminal prosecution of Broadwater was initiated or continued to see the ends of justice served.

37. The criminal prosecution of Broadwater was not initiated or continued with malice.

38. The criminal prosecution of Broadwater resulted in a verdict after trial that beyond a reasonable doubt Broadwater is guilty of the crimes and offenses for which Broadwater was prosecuted.

39. The criminal prosecution of Broadwater resulted in a judgment convicting Broadwater as guilty of the crimes and offenses for which Broadwater was prosecuted and imposing on guilty Broadwater a sentence of imprisonment.

40. Sup. Ct. NY or Hon. Cuffy had not jurisdiction to dismiss the indictment on which the criminal prosecution of Broadwater was initiated or continued.

41. The indictment on which the criminal prosecution of Broadwater was initiated or continued has not been dismissed.

42. There has not been a favorable to Broadwater termination of the criminal prosecution of Broadwater.

43. The complaint fails to state a claim for malicious prosecution, wrongful conviction, or false imprisonment upon which relief can be granted.

Fifth Defense

44. Broadwater has not been subjected to a deprivation of rights, privileges, or immunities secured by the US Constitution or laws.

45. The complaint fails to state a 42 USC § 1983 claim upon which relief can be granted.

Sixth Defense

46. Any 42 USC § 1983 claim for subjecting Broadwater to a deprivation of rights, privileges, or immunities secured by the US Constitution or laws accrued more than three years before 21 November 2022.

47. Any 42 USC § 1983 claim for subjecting Broadwater to a deprivation of rights, privileges, or immunities secured by the US Constitution or laws was interposed not earlier than 21 November 2022.

48. Any 42 USC § 1983 claim for subjecting Broadwater to a deprivation of rights, privileges, or immunities secured by the US Constitution or laws was untimely interposed and may not be prosecuted or maintained because of statute of limitation.

Seventh Defense

49. Punitive damages may not be assessed against County or Uebelhoer in her official capacity.

Demand for Relief

50. County and Uebelhoer demand a judgment dismissing the complaint and allowing County and Uebelhoer a reasonable attorney's fee as part of costs.

Dated:  19 December 2022

s/ John E. Heisler Jr.
Bar Roll Number: 301476
Attorney for County of Onondaga and Gail Uebelhoer
Onondaga County Department of Law
John H. Mulroy Civic Center, 10th Fl.
421 Montgomery Street
Syracuse, NY 13202
Telephone: (315) 435-2170
Fax: (315) 435-5729
Email: johnheislerjr@ongov.net