UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY J. BROADWATER,

                    Plaintiff,

          v.

THE COUNTY OF ONONDAGA; THE CITY OF
SYRACUSE; Assistant District Attorney GAIL
UEBELHOER, in her individual capacity; Syracuse Police
Department Detective GEORGE LORENZ, in his individual
capacity, and JOHN DOES 1-5, names and numbers of
whom are yet to be determined,

                    Defendants.

---

Civil Action No.: 5:22-CV-1241
(BKS/TWD)

**JURY TRIAL DEMANDED**

## ANSWER TO THE COMPLAINT

Defendant City of Syracuse ("Defendant"), as its answer to Plaintiff Anthony J.

Broadwater's ("Plaintiff") Complaint ("Complaint"), states as follows:

## PRELIMINARY STATEMENT

1.      Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a

belief about the truth of the allegations contained in Paragraph "1" of the Complaint.

2.      Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a

belief about the truth of the allegations contained in Paragraph "2" of the Complaint.

3.      Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a

belief about the truth of the allegations contained in Paragraph "3" of the Complaint.

4.      Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a

belief about the truth of the allegations contained in Paragraph "4" of the Complaint.

1

5.      Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "5" of the Complaint.

6.      Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "6" of the Complaint.

7.      Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "7" of the Complaint.

8.      Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "8" of the Complaint.

9.      Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "9" of the Complaint.

10.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "10" of the Complaint.

11.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "11" of the Complaint.

12.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "12" of the Complaint.

13.     Paragraph "13" of the Complaint need not be answered because it asserts a legal conclusion. However, to the extent that a response is required, Defendant **DENIES** the truth of the allegations set forth in Paragraph "13" of the Complaint.

## **JURY DEMAND**

14.     Paragraph "14" of the Complaint need not be answered because it asserts a legal conclusion. However, to the extent that a response is required, Defendant **DENIES** the truth of the allegations set forth in Paragraph "14" of the Complaint.

## JURISDICTION AND VENUE

15.     Paragraph "15" of the Complaint need not be answered because it asserts a legal conclusion. However, to the extent that a response is required, Defendant **DENIES** the truth of the allegations set forth in Paragraph "15" of the Complaint.

16.     Paragraph "16" of the Complaint need not be answered because it asserts a legal conclusion. However, to the extent that a response is required, Defendant **DENIES** the truth of the allegations set forth in Paragraph "16" of the Complaint.

17.     Paragraph "17" of the Complaint need not be answered because it asserts a legal conclusion. However, to the extent that a response is required, Defendant **DENIES** the truth of the allegations set forth in Paragraph "17" of the Complaint.

18.     Defendant **ADMITS** the truth of the allegations set forth in Paragraph "18."

19.     Paragraph "19" of the Complaint need not be answered because it asserts a legal conclusion. However, to the extent that a response is required, Defendant **DENIES** the truth of the allegations set forth in Paragraph "19" of the Complaint.

## PARTIES

20.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "20" of the Complaint.

21.     Defendant **ADMITS** the truth of the allegations set forth in paragraph "21" of the Complaint.

22.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "22" of the Complaint.

23.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "23" of the Complaint.

24.     Defendant **ADMITS** the truth of the allegations set forth in paragraph "24" of the Complaint.

25.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "25" of the Complaint.

26.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "26" of the Complaint.

27.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "27" of the Complaint.

## FACTS

**I.     The Rape of []**

28.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "28" of the Complaint.

**II.     Mr. Broadwater is Arrested in October 1981**

29.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "29" of the Complaint.

30.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "30" of the Complaint.

31.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "31" of the Complaint.

32.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "32" of the Complaint.

33.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "33" of the Complaint.

**III.    [] Identifies a Different Man in a Lineup**

34.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "34" of the Complaint.

35.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "35" of the Complaint.

36.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "36" of the Complaint.

37.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "37" of the Complaint.

38.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "38" of the Complaint.

39.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "39" of the Complaint.

40.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "40" of the Complaint.

**IV.    After the Lineup, Detective Lorenz and ADA Uebelhoer Make False and Suggestive Statements to [] to Improperly Implicate Mr. Broadwater**

41.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "41" of the Complaint.

42.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "42" of the Complaint.

43.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "43" of the Complaint.

44.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "44" of the Complaint.

45.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "45" of the Complaint.

46.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "46" of the Complaint.

47.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "47" of the Complaint.

48.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "48" of the Complaint.

49.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "49" of the Complaint.

50.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "50" of the Complaint.

51.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "51" of the Complaint.

52.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "52" of the Complaint.

53.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "53" of the Complaint.

54.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "54" of the Complaint.

55.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "55" of the Complaint.

**V.      Defendants Lorenz and Does 1-5 Failed to Disclose Pattern Rapes in Thornden Park Within the Same Year as [] Rape**

56.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "56" of the Complaint.

57.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "57" of the Complaint.

58.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "58" of the Complaint.

59.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "59" of the Complaint.

**VI.     Mr. Broadwater Is Convicted at Trial Based on Belated, Improperly Obtained Identification and a Subsequently Debunked Microscopic Hair Analysis**

60.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "60" of the Complaint.

61.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "61" of the Complaint.

62.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "62" of the Complaint.

63.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "63" of the Complaint.

64.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "64" of the Complaint.

65.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "65" of the Complaint.

66.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "66" of the Complaint.

67.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "67" of the Complaint.

68.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "68" of the Complaint.

69.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "69" of the Complaint.

70.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "70" of the Complaint.

71.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "71" of the Complaint.

72.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "72" of the Complaint.

73.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "73" of the Complaint.

**VII.    Mr. Broadwater's Pleas of Innocence Throughout His Incarceration**

74.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "74" of the Complaint.

75.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "75" of the Complaint.

76.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "76" of the Complaint.

77.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "77" of the Complaint.

78.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "78" of the Complaint.

79.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "79" of the Complaint.

80.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "80" of the Complaint.

81.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "81" of the Complaint.

82.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "82" of the Complaint.

**VIII.   "Freedom" As a Level 2 Sex Offender**

83.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "83" of the Complaint.

84.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "84" of the Complaint.

85.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "85" of the Complaint.

**IX.     After Forty Years of Trying to Clear His Name, Mr. Broadwater Finally Wins Vacatur of His Conviction With Support from the Onondaga County DA**

86.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "86" of the Complaint.

87.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "87" of the Complaint.

88.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "88" of the Complaint.

89.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "89" of the Complaint.

90.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "90" of the Complaint.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983; Denial of a Fair Trial Against the Individual Defendants Under the Fourth, Fifth, Sixth, and Fourteenth Amendments)**

91.     Defendant **REPEATS and REALLEGES** as if fully set forth herein its responses to the allegations in the preceding Paragraphs.

92.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "91" of the Complaint.

93.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "92" of the Complaint.

94.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "94" of the Complaint.

95.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "95" of the Complaint.

96.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "96" of the Complaint.

97.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "97" of the Complaint.

98.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "98" of the Complaint.

99.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "99" of the Complaint.

100.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "100" of the Complaint.

101.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "101" of the Complaint.

102.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "102" of the Complaint.

103.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "103" of the Complaint.

104.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "104" of the Complaint.

**SECOND CAUSE OF ACTION**
**(42 .S.C. § 1983; Malicious Prosecution Against the Individual Defendants)**

105.    Defendant **REPEATS and REALLEGES** as if fully set forth herein its responses to the allegations in the preceding Paragraphs.

106.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "106" of the Complaint.

107.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "107" of the Complaint.

108.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "108" of the Complaint.

109.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "109" of the Complaint.

110.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "110" of the Complaint.

111.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "111" of the Complaint.

112.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "112" of the Complaint.

113.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "113" of the Complaint.

114.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "114" of the Complaint.

115.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "115" of the Complaint.

116.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "116" of the Complaint.

117.    Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "117" of the Complaint.

118.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "118" of the Complaint.

### THIRD CAUSE OF ACTION
### (Malicious Prosecution Under New York Law Against the Municipal Defendants)

119.     Defendant **REPEATS and REALLEGES** as if fully set forth herein its responses to the allegations in the preceding Paragraphs.

120.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "120" of the Complaint.

121.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "121" of the Complaint.

122.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "122" of the Complaint.

123.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "123" of the Complaint.

124.     Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "124" of the Complaint.

125.     Defendant **DENIES** the allegations contained in Paragraph "125" of the Complaint.

### **GENERAL DENIAL**

126.     Defendant **DENIES** all other allegations not specifically admitted herein.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

127.     Any damages alleged to have been sustained by Plaintiff were caused or contributed to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and not by any culpable conduct on behalf of Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

128.    Some or all of the Plaintiff's claims for compensatory and punitive damages are barred by applicable state and federal law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

129.    Plaintiff has failed to state a claim upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

130.    Plaintiff's pleadings are insufficient and not in the form prescribed pursuant to the Federal Rules of Civil Procedure, thus failing to state a claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

131.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

132.    Some or all of Plaintiff's causes of action are barred by her failure to comply with §§50-e, 50-h and 50-i—and generally Article IV—of N.Y. GENERAL MUNICIPAL LAW, and/or Syracuse City Charter § 8-115.

133.    Moreover, upon information and belief, not all of Plaintiff's claims in his present lawsuit were adequately set forth according to §§50-e, 50-h and 50-i—and generally Article IV—of N.Y. GENERAL MUNICIPAL LAW, and/or Syracuse City Charter § 8-115.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

134.    To the extent Plaintiff has failed to mitigate Plaintiff's damages, Plaintiff's claims for damages are diminished or barred.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

135.    Some or all of the Plaintiff's claims are barred because the Plaintiff failed to exhaust his administrative remedies and/or meet conditions precedent to the commencement of this action as required by law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

136.    Any and all acts of Defendant and/or any agents or employees of Defendant were reasonable, justified, and in accordance with the law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

137.    Any alleged violation of Plaintiff's U.S. or New York State Constitutional rights were not the proximate cause of Plaintiff's injuries and/or damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

138.    Any and all actions done by Defendant and/or Defendant's agents in arresting, using force, detaining, searching, investigating, and referring for prosecution the alleged criminal subject Plaintiff were done in good faith, with probable cause and without malice.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

139.    Some of Plaintiff's claims, in whole or in part, fail based on a lack of personal involvement by a named Defendant in the alleged constitutional violations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

140.    Any and all methods used by Defendant and/or Defendant's agents or employees to detain Plaintiff were privileged, reasonable, and necessary.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

141.    If Plaintiff sustained any damages as alleged in the Complaint through any acts or omissions other than those of Plaintiff, such damages were caused solely by the negligence and/or

culpable conduct of a third person or persons over whom Defendant had no control and without negligence on the part of Defendant.

142.    Specifically, if Plaintiff sustained any damages, the criminal subject in this matter is the sole cause of each and every element of damage.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

143.    At all times relevant to this action, all acts of Defendant and Defendant's agents were justified and in accordance with the discharge of their lawful responsibilities.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

144.    Upon information and belief, the Complaint fails to state specific acts of conduct attributable to Defendant that gives rise to liability pursuant to 42 U.S.C. §1983.

145.    Moreover, Plaintiff does not plead injuries consistent with a cause of action that would give rise to liability pursuant to 42 U.S.C. §1983.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

146.    Plaintiff's injuries and/or damages, if any, were neither caused by, nor causally related to any act or omission of Defendant and/or Defendant's agents or employees.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

147.    If the Plaintiff suffered any injury or damage, such injury or damage was caused in whole or in part by a third-party or another party acting outside the scope of his employment.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

148.    Any and all acts of the Defendant and/or any agents or employees of the City of Syracuse are protected by qualified immunity.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

149.    Any and all acts of the Defendant and/or any agents or employees of the City of Syracuse are protected by absolute immunity.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

150.    Any and all acts of the Defendant and/or any agents or employees of the City of Syracuse are protected by governmental immunity and/or qualified privilege.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

151.    Defendant's and/or Defendant's agents' or employees' actions were not motivated by evil motive or intent and were not performed with reckless or callous indifference to Plaintiff's state and/or federally protected rights, or the general public's rights and safety.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

152.    Defendant's and/or Defendant's agents' or employees' actions were not malicious, willful, wanton, reckless, grossly negligent, or extreme and outrageous.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

153.    Plaintiff has failed to name or join a necessary or indispensable party without whom relief may not be granted.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

154.    The Court has not obtained personal jurisdiction over one or more defendants named in this action because Plaintiff failed to effectuate personal service of the Summons and Complaint.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

155.    Plaintiff's action is barred by res judicata and/or collateral estoppel.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

156.    Upon information and belief, Defendant's and/or its agents' or employees' actions were in the course of their duties, were justified and in accordance with the law and not for any retaliatory and/or retributive purpose, and so did not violate any U.S. or New York State Constitutional rights of Plaintiff.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

157.    Upon information and belief, Plaintiff did not suffer any cognizable emotional injury from the alleged incident.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

158.    Plaintiff's own negligent and/or culpable conduct was the actual and proximate cause of Plaintiff's alleged injuries and/or damages.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

159.    Plaintiff's claims are barred to the extent that Plaintiff's injuries and/or damages were caused or contributed to, in whole or in part, by intervening and superseding causative factors.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

160.    Some of Plaintiff's claims, in whole or in part, fail based on a lack of personal involvement by the named Defendant and/or Defendant's agents or employees in the alleged constitutional violations.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

161.    Upon information and belief, Plaintiff's allegations supporting his cause(s) of action are directly contradicted and/or are inconsistent with his pleadings in his Complaint.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

162. The Complaint fails to allege the existence of a custom, policy or procedure of the municipal defendant which give rise to liability pursuant to 42 U.S.C. §1983.

163. Defendant City of Syracuse does not maintain a policy, custom or practice that allegedly violated Plaintiff's civil rights.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

164. Upon information and belief, at all relevant times, Defendant and/or Defendant's agents or employees acted in accordance with the constitutional policies, customs and practices of the City of Syracuse Police Department, and in accordance with all local, state, and federal laws, regulations, and constitutions.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

165. Defendant reserves the right to raise additional defenses, which may become known during further investigation and discovery in this case.

## AS AND FOR A SEPARATE CROSS-CLAIM AGAINST DEFENDANTS COUNTY OF ONONDAGA AND GAIL UEBELHOER, DEFENDANT ALLEGES AS FOLLOWS:

166. That if Plaintiff was caused to sustain damages at the time and place as set forth in the Complaint, upon information and belief such damages were caused in whole or in part by the active, and primary negligence, recklessness, and/or culpable conduct of co-defendants County of Onondaga and Gail Uebelhoer.

167. If by reason of the allegations contained in the Complaint, answering Defendant is found liable to Plaintiff, answering Defendant demands apportionment of liability, contribution, indemnification and judgment over and against the co-defendants for the amount of Plaintiff's recovery.

WHEREFORE, Defendant demands judgment dismissing the Complaint with costs, disbursements, attorney's fees and for such other and further relief as to the Court may deem just and proper.

Dated: January 10, 2023                  SUSAN R. KATZOFF, ESQ.
Syracuse, New York                    CORPORATION COUNSEL-CITY OF SYRACUSE
                                          *Counsel for Defendant*
                                          233 East Washington Street
                                          Syracuse, New York 13202
                                          Tel No.: (315) 448-8400

                                By:  /s/ Danielle R. Smith
                                          Danielle R. Smith, Esq.
                                          Todd Long, Esq.
                                          Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

I declare under the penalty of perjury that I served the foregoing Answer by electronically filing with the Clerk of the Court herein, which is understood to have sent notification of such filing electronically to all counsels of record *via* CM/ECF NextGen in N.D.N.Y. for the above captioned case.

Dated: January 10, 2023                                    SUSAN R. KATZOFF, ESQ.
Syracuse, New York                                          CORPORATION COUNSEL-CITY OF SYRACUSE

                                        By:   /s/ Danielle R. Smith
                                             Danielle R. Smith, Esq.
                                             Assistant Corporation Counsel
                                             Bar Roll No. 517775
                                             *Counsel for Defendant*
                                             300 City Hall
                                             Syracuse, New York 13202
                                             Tel No. 315-448-8400
                                             Fax No. 315-448-8381
                                             E-Mail: dsmith@syrgov.net